

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2007

# In Re: Obi

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3128

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Obi " (2007). *2007 Decisions.* Paper 435.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/435

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-339                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-3128
_____

IN RE: GEORGE CHUKWUEMEKA OBI, Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Cr. No. 06-cr-00325)
_____

Submitted Under Rule 21, Fed. R. App. P.
August 9, 2007

Before: MCKEE, FUENTES AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed: September 13, 2007   )
_____

OPINION
_____

PER CURIAM

        George Chukwuemeka Obi petitions this Court to issue a writ of mandamus

ordering the United States District Court for the Middle District of Pennsylvania to

terminate the services of his defense attorney in an ongoing criminal action against Obi.

We will deny the petition for writ of mandamus.

        On September 26, 2006, a federal indictment was returned against Obi in

the Middle District of Pennsylvania.  See United States v. Obi, Cr. No. 06-cr-00325.  He

was charged for willfully failing and refusing to make a timely application in good faith

for travel and other documents necessary to effectuate his deportation in violation of 8 U.S.C. § 1253(a)(1)(B). The case was assigned to United States District Judge A. Richard Caputo. Federal Public Defender Hervery B.O. Young, Esq. was appointed to represent Obi. This criminal action is still ongoing.

Obi filed this petition for writ of mandamus on July 18, 2007, in this Court. In the petition, Obi requests this Court to order Judge Caputo to terminate Young's legal representation so that Ms. Amakari, of the Nigerian Consulate, can represent him. In support of his petition, Obi cites to the Vienna Convention on Consular Relations, Apr. 24, 1963, art. 36, 21 U.S.T. 77.[1]

Mandamus is an appropriate remedy only in the most extraordinary of situations. Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). To justify such a remedy, a petitioner must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992)(citations omitted). In this case, a competency hearing was held on July 26, 2007, before Judge Caputo. Obi's legal representation was also apparently discussed at this hearing. We conclude that Obi has not shown a "clear and indisputable" right to the issuance of the writ. Specifically, Obi has not shown that the Nigerian Consulate has agreed to arrange for his legal

---

[1] Article 36, section 1(c) of the Vienna Convention on Consular Relations states that "consular officers shall have the right to visit a national of the sending State who is in prison, custody or detention, to converse and correspond with him and to arrange for his legal representation."

representation.[2]  Therefore, the petition for writ of mandamus is denied.

---

[2] For the purposes of this opinion, we will assume, without deciding, that Article 36 of the Vienna Convention on Consular Relations granted Obi enforceable rights which could be invoked in judicial proceedings.  See Sanchez-Llamas v. Oregon, 126 S. Ct. 2669, 2677-78 (2006).